IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case Nos. 2:23-cr-170 |
| | : | 2:19-cr-066 |
| v. | : | |
| | : | Chief Judge Algenon L. Marbley |
| RICKY LEE HARRIS GERMANY, | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before the Court on Defendant Ricky Lee Harris Germany's Motions for Revocation of Detention. (ECF Nos. 25 and 69). For the reasons set forth below, the Motion is **GRANTED** to the extent that the Defendant is released to the custody of the Landings at Cedar Ridge for 90 days to receive treatment for his comorbidities. (ECF Nos. 25 and 69).

**I. BACKGROUND**

On August 22, 2023, Mr. Harris Germany was indicted on two counts of Distribution of 50 Grams or More of Fentanyl, in violation of 21 USC § 841(a)(1) and (b)(1)(B)(vi). (ECF No. 4). On September 25, 2023, Mr. Harris Germany appeared in front of Magistrate Judge Vascura for a detention hearing at which pretrial services recommended release. The Magistrate Judge concluded that no condition or combination of conditions could reasonably assure the appearance of the defendant or assure the safety of the community. (*Id.*). Further, Magistrate Judge Vascura determined that Mr. Harris Germany had not introduced sufficient evidence to rebut the presumption of detention. (*Id.*). On October 25, 2023, Magistrate Judge Vascura ordered Mr. Harris Germany to be detained pending trial. (ECF No. 17). His case is scheduled for trial on February 26, 2024. (ECF No. 24). On November 15, 2023, Mr. Harris Germany filed the Motions

for Revocation and requested an evidentiary hearing on the matter. (ECF Nos. 25 and 69). The hearing was be held before this Court on December 12, 2023.

## II. STANDARD OF REVIEW

If a person is ordered detained pending trial by a magistrate judge, "the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). District judges review a magistrate judge's detention order *de novo*. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000).

The Bail Reform Act, 18 U.S.C. § 4142, upheld by the Supreme Court in *United States v. Salerno*, 481 U.S. 739 (1987), governs release or detention of a defendant pending trial. A defendant may be detained pending trial only if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The default position, therefore, is that a defendant should be released pending trial. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

## III. LAW & ANALYSIS

The relevant factors in determining whether there are conditions of release that will reasonably assure the defendant's appearance without jeopardizing the safety of the community are as follows: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

There is, however, a rebuttal presumption that no set of conditions of release will assure the defendant's appearance or the safety of the community if there is probable cause to believe the

defendant committed, among other crimes, a violation of 18 U.S.C. § 924(c). 18 U.S.C. § 3142(e)(3). A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). If the rebuttal presumption is triggered, then the defendant must come forward with "at least some evidence" that he does not pose a danger to the community or a risk of flight. *Stone*, 608 F.3d at 945 (citations omitted). If the defendant presents evidence to rebut the presumption, then the Government must show a risk of flight by a preponderance of the evidence or danger to the community by clear and convincing evidence. *United States v. Hinton*, 113 Fed. Appx. 76, 77 (6th Cir. 2004).

This differs from when a defendant has been found guilty and is awaiting sentencing, as he or she must be detained unless the judicial officer finds by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community. *United States v. Veloz-Alonso*, 910 F.3d 266, 267 (6th Cir. 2018) (citing 18 U.S.C. § 3143(a)(1)). Under 18 U.S.C. § 3143(a)(1), the Government is not required to make an initial showing of dangerousness; rather, the statute presumes dangerousness and the criminal defendant must overcome this presumption. *United States v. Williams*, No. 20-1413, 2020 WL 4000854, at *1 (6th Cir. Jul. 15, 2020) (citing *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988)).

If, however, a defendant has been found guilty of an offense described in 18 U.S.C. § 3142(f)(1)(A)-(C),[1] then the defendant must be detained pending sentencing unless the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted and the judicial officer finds by clear and convincing evidence that the person is not likely to flee

---

[1] Generally speaking, those subparagraphs describe offenses for which the maximum sentence is life in prison or death, and crimes of violence or drug offenses for which a maximum term of imprisonment of ten years or more.

or pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(2).[2] A person subject to detention pursuant to 18 U.S.C. § 3143(a)(2), who meets the conditions of release set forth in 18 U.S.C. § 3143(a)(1) or (b)(1)[3], may be ordered released if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate. 18 U.S.C. § 3145(c).

In this case, Mr. Harris Germany argues that he is not a flight risk because he is a resident of Columbus, was raised in Columbus, does not have a passport, has never traveled outside of the State, and lives with his parents and his brother. (ECF No. 25 at PageID 71). Further, he is in a long-term relationship, has four children aged four to fifteen, and is expecting a fifth child. (*Id.*). He was employed at Supply House for approximately six months but has been unemployed since August 14, 2023 (approximately one week before his indictment). (*Id.*). He also argues that he has minimal criminal history. He was convicted in this Court in Case No. 2:19-cr-66 for Conspiracy to Possess with Intent to Distribute; Possession with Intent to Distribute Methamphetamine, Possession with Intent to Distribute Marijuana, and Theft of Mail by a Postal Employee. Mr. Harris Germany is currently on supervised release for that conviction.

Mr. Harris Germany argues that his prior diagnoses of depression, anxiety, PTSD, bipolar disorder, substance abuse, and addiction must all be considered as part of his history. (*Id.* at PageID 72). He has previously completed inpatient treatment at Alvis House and accepts pretrial services' recommendation that he remain in custody until an inpatient bed can be located for him and he can be transferred for inpatient substance abuse treatment. (*Id.*). This, he argues, would sufficiently address any risk of flight.

---

[2] 18 U.S.C. § 3143(a)(2)(a)(ii), which allows a judicial officer to release a defendant pending sentencing if the attorney for the Government has recommended that no sentence or imprisonment be imposed on the person and the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community, does not apply in this case.
[3] 18 U.S.C. § 3143(b)(1) does not apply to this case since that provision covers release pending appeal by the defendant

The Government argues that, because both counts of the indictment are punishable by a maximum term of more than ten years under the Controlled Substances Act, Mr. Harris Germany has not presented enough evidence to rebut the presumption of detention under 18 USC § 3142(e)(3)(A). (ECF No. 26 at 3). Mr. Harris Germany sold fentanyl in such high concentrations that each pill contained enough of the substance to cause death in an individual taking them. (*Id.*). The Government argues that Mr. Harris Germany therefore poses a danger to the community and should be detained. (*Id.*).

The Government further identifies that Mr. Harris Germany has not been compliant with previous pretrial release conditions imposed by this Court. (*Id.* at 4). While on supervised release for his previous conviction, Mr. Harris Germany continued to conduct illegal activity and incurred the charges at issue in this case. (*Id.*). This, the Government argues, weighs in favor of detention. The Government also opposes Mr. Harris Germany's proposed inpatient treatment program on the grounds that a specific program has not yet been identified. (*Id.*).

### A. § 3142(g) Factors

*1. Nature and Circumstances of the Offenses Charged*

Under 18 U.S.C. § 3142(g), the Court first considers "the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a firearm." 18 U.S.C. § 3142(g)(1). Here, this charge does not involve a crime of violence or involve a firearm. Mr. Harris Germany was indicted on two counts of Distribution of 50 Grams or More of Fentanyl. (ECF No. 4). This factor weighs against detention.

*2. Weight of the Evidence*

This Court next considers the "weight of the evidence against" Mr. Harris Germany. 18 U.S.C. § 3142(g)(2). Here, the ATF has video and audio recording of Mr. Harris Germany's

transaction with an undercover agent. (ECF No. 26 at 3). He can be heard saying that he "can get as many as you want, the 5's, the 10's, the ex [ecstasy] … I could fuck with the ice [methamphetamine] or whatever … supposed to be getting me a deal on the wop [fentanyl]…" (*Id.*). This evidence is uncontested. Accordingly, this Court finds the weight of the evidence against Mr. Harris Germany weighs in favor of detention.

### 3. Mr. Harris Germany's History and Characteristics

This Court next considers "the history and characteristics" of Mr. Harris Germany, which include the following:

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

18 U.S.C. § 3142(g)(3). Again, Mr. Harris Germany is a resident of Columbus, was raised in Columbus, does not have a passport, has never traveled outside of the State, and lives with his parents and his brother. (ECF No. 25 at PageID 71). Further, he is in a long-term relationship, has four children aged four to fifteen, and is expecting a fifth child. (*Id.*). He was employed at Supply House for approximately six months but has been unemployed since August 14, 2023 (approximately one week before his indictment). (*Id.*). His criminal history consists of the previous charge discussed *supra*.

Critical in this Court's view, Mr. Harris Germany has prior diagnoses of depression, anxiety, PTSD, bipolar disorder, substance abuse, and addiction. (*Id.* at PageID 72). He has previously completed inpatient treatment. This Court finds that Mr. Harris Germany is in need of treatment rather than continued detention. A course of action involving an inpatient treatment

6

center would provide exactly that. Weighing both the positive and negative components of Mr. Harris Germany's history and characteristics, this Court ultimately finds this factor weighs against detention, but in favor of commitment to an in-patient mental health facility that can address the Defendant's comorbidities.

### 4. *Danger to the Community*

This Court next considers "the nature and seriousness of the danger to any person or the community" that would be posed by Mr. Harris Germany's release. 18 U.S.C. § 3142(g)(4). As previously discussed, Mr. Harris Germany's crime was not violent. It was, however, extremely dangerous given that each pill that he sold contained a quantity of fentanyl sufficient to cause death in a person. Ultimately, this Court finds this factor weighs in favor of detention.

## IV. CONCLUSION

Considering the totality of circumstances in this case, the Court finds that Mr. Harris Germany is in need of treatment. An inpatient center would remove the danger to the community by restricting his ability to distribute controlled substances while addressing his unique history and characteristics. Accordingly, Mr. Harris Germany is **ORDERED** to the custody of the Landing at Cedar Ridge for 90 days to receive treatment for his comorbidities. While at this facility, Mr. Harris Germany is not to be allowed to exit the property or accrue time for leave. The Court **GRANTS** these Motions. (ECF Nos. 25 and 69).

This case is scheduled for trial on February 26, 2024. Assuming that the case proceeds to trial on that date, the Defendant will still be in the custody of the Landings. The Court will reconsider whether the Defendant should be released from custody to attend trial or remanded to the custody of the United States Marshal Service for the period of his trial. The Court intends to have a hearing on the Defendant's status not later than one week prior to the scheduled trial.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: December 29, 2023**